# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 12-0760** (Wood County 11-F-132)

**Charles Wade Parsons II,**
**Defendant Below, Petitioner**

**FILED**

May 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Charles Wade Parsons II, by counsel Joseph G. Troisi, appeals the order of the Circuit Court of Wood County, entered May 14, 2012, which denied his motions for judgment of acquittal and for a new trial following his conviction of first degree robbery. The State, by counsel Marland L. Turner, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, petitioner was convicted by a jury of one count of first degree robbery. Thereafter, he was sentenced to forty years in the penitentiary.

Petitioner raises several grounds on appeal.[1] He alleges that the circuit court erred in denying his motions for judgment of acquittal at the close of the State's case-in-chief and at the conclusion of all the evidence, and in denying his motion for a new trial. In support, petitioner argues that the evidence below was insufficient to support his conviction of first degree robbery because the State failed to establish that he presented a knife when robbing the convenience store. Petitioner claims the best evidence in this case, the surveillance video of the robbery, shows no indication of a knife.

---

[1]We find no merit in petitioner's contention that the circuit court committed plain error by failing to provide the jury a written copy of its instructions. Petitioner cites no legal authority in his brief with regard to this alleged error. After reviewing this matter, we find that the circuit court read the instructions to the jury, made the instructions available upon request during deliberation, and gave the jury a copy of the instructions setting forth the elements of first degree robbery.

1

In response, the State argues that the evidence introduced at trial was sufficient to support the jury's verdict. The victim, a cashier at the convenience store, testified that petitioner held a knife in his right hand, which was partially tucked underneath his jacket. The State claims the surveillance video of the robbery was unclear because petitioner was leaning on the counter and the cashier's body was positioned between the petitioner and the camera.

We note the following standard of review regarding the circuit court's order denying the petitioner's post-trial motions:

> "'Although the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.' Syl. pt. 4, *Sanders v. Georgia-Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976)." Syl. Pt. 1, *Andrews v. Reynolds Mem'l Hosp., Inc.,* 201 W.Va. 624, 499 S.E.2d 846 (1997).

Syl. Pt. 1, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000). Petitioner argues that the circuit court abused its discretion in denying the motion for a new trial because the verdict went against the weight of the evidence. We have held that,

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996).

Upon our review, the Court finds that the evidence was sufficient to support petitioner's conviction, keeping in mind that for the purpose of this analysis, all the evidence must be viewed in the light most favorable to the prosecution. *Id.* After hearing the testimony of the cashier, as well as seeing the surveillance video, the jury determined that petitioner presented a knife while robbing the convenience store. Although petitioner attacks the credibility of the cashier, there is no question that witness credibility determinations are within the province of the jury. Syl. Pt. 2, *State v. Bailey*, 151 W.Va. 796, 155 S.E.2d 850 (1967). We see no compelling reason to disturb that finding on appeal.

Petitioner also argues that the circuit court committed plain error when it failed to provide a means for the jury to view the surveillance video in closed session during deliberations. After

the jurors retired to deliberate, they requested the opportunity to review the exhibits. The jurors were directed into open court to study the surveillance video. The State responds that petitioner cannot cite to any authority that requires the circuit court to allow the jury to view video evidence in the jury room. Even if the circuit court erred, the State maintains that defense counsel intentionally waived this argument when he made no objection.

We find no abuse of discretion in the manner that the circuit court allowed the jury to view this video evidence during deliberations. An analogy may be drawn to the presentation of audio evidence at trial. We have held that "[i]f a jury, during its deliberation, asks a trial court to permit it to listen to a tape recording that was admitted into evidence, the trial court has discretion to bring the jury back into the courtroom to listen to the tape recording." Syl. Pt. 6, *State v. Hughes*, 225 W.Va. 218, 691 S.E.2d 813 (2010).

Petitioner further contends the circuit court committed plain error by failing to instruct the jury on the elements of second degree robbery and larceny. The State responds that defense counsel made a strategic decision to argue against the incorporation of any lesser-included offenses in the jury instructions. The defense strategy was to convince the jury that the evidence failed to support the finding of first degree robbery because the knife was not clearly seen in the surveillance video. The State responds that since petitioner argued for only having to defend against a single offense, he should not now be permitted to seize upon any alleged error which he invited.

In dealing with jury instructions, our standard of review is familiar. "A criminal defendant is entitled to an instruction on the theory of his or her defense if he or she has offered a basis in evidence for the instruction, and if the instruction has support in law. *See State v. LaRock,* 196 W.Va. 294, 308, 470 S.E.2d 613, 627 (1996)." *State v. Hinkle*, 200 W.Va. 280, 285, 489 S.E.2d 257, 262 (1996). The inquiry of whether a jury was properly instructed is a question of law, and, thus, our review is de novo. *Id.* In the present case, we find no merit in petitioner's argument. The circuit court gave the instruction he requested and there was evidence to support the instruction. We therefore find no reversible error.

The final issue raised by petitioner is that the cumulative effect of the alleged errors below resulted in an unfair trial requiring reversal under the cumulative error doctrine. We note that cumulative error can be found "[w]here the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error." Syl. Pt. 5, *State v. Smith*, 156 W.Va. 385, 193 S.E.2d 550 (1972). After review, this Court has found no legal or factual basis supportive of any of the alleged assignments of error.[2] Having failed to find numerous errors, we conclude that the cumulative error doctrine is not applicable.

---

[2]Also without merit are petitioner's assignments of error concerning inappropriate remarks made by two witnesses. Petitioner takes issue with a defense witness's singular reference to petitioner's incarceration and a State witness's singular reference to a domestic dispute involving petitioner. We note that defense counsel, not the State, asked the questions

For the foregoing reasons, we affirm petitioner's criminal conviction as set forth in the May 14, 2012, order of the Circuit Court of Wayne County.

Affirmed.

**ISSUED:** May 17, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

which prompted the remarks petitioner now assigns as error. Even if the remarks were inappropriate, we find that they were so fleeting as to be harmless.

4